# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-907V
UNPUBLISHED

| | |
|---|---|
| SANDRA WILLIAMS,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: April 27, 2022<br><br>Motion for decision; Dismissal; Influenza Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION**[1]

On February 10, 2021, Sandra Williams filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Ms. Williams alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine she received on October 27, 2020. ECF no. 1.

On April 26, 2022, Ms. Williams filed a motion for a decision dismissing the petition. For the reasons set forth below, Ms. Williams' motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Ms. Williams alleged that she suffered a shoulder injury from an influenza vaccination but did not provide any medical history for treatment of the injury. ECF No. 1. Ms. Williams did not submit any medical records with the petition.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The February 11, 2021 PAR Initial Order required Ms. Williams to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5.

On March 22, 2022, Ms. Williams filed a status report stating that "Petitioner's counsel no longer feels as though Petitioner can establish a presumptive Table SIRVA injury. Counsel is awaiting return of written authorization to take the necessary steps to withdraw Petitioner's claim."

On April 26, 2022, Ms. Williams filed some medical records and a motion for a decision dismissing the petition stating that "[a]fter a review of relevant medical records, Petitioner is unable to demonstrate six (6) months of sequelae." ECF No. 15.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Ms. Williams alleged that she sustained a SIRVA Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). Among other requirements, Ms. Williams must establish the severity requirement, that her injury persisted for more than six months or resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa—11(c)(1)(D)(i). In her motion for decision, Ms. Williams conceded that she would not be able to establish the severity requirement.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."